UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ASi Industries GmbH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV951 CDP |
| ) | |
| MEMC Electronic Materials, Inc., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Having reviewed the parties' briefs and heard argument from counsel,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel [#57] and defendants' motion to amend the scheduling order [#63] are granted in part and denied in part, as follows:

1. ASi will produce a witness who can testify about the method and/or processes ASi used when it tested or attempted to use some form of what the parties have referred to as "feeder technology" using granular polysilicon. This witness shall be produced for deposition no later than **May 25, 2007**.

2. MEMC will answer interrogatories 5 and 6 and produce all documents responsive to requests 20 and 36, as to all sales of granular polysilicon from June 1, 2004 to December 31, 2005. This discovery must be produced no later than **May 14, 2007**.

3. MEMC will produce the following information related to the individuals listed in document request 6: all resumes or employment applications; all performance evaluations regarding any period of employment from January 1, 2004 to the present; all documents relating to discipline or other adverse employment action from January 1, 2004 to the present; all documents relating to any commendation, awards, or bonuses from January 1, 2004 to the present; all documents relating to the hiring, termination, resignation, or rehiring of any of the individuals. MEMC shall produce the listed documents whether they are in personnel files or in other locations. This discovery must be produced no later than **May 14, 2007**.

4. MEMC will produce all documents relating to communications between MEMC and Shell Solar or any other third party regarding suspected, alleged, or potential infringement of the '993, '148, and '303 patents, without withholding any documents for any reason other than privilege. Any withheld documents must be listed on a privilege log as specified in Rule 26(b), and both the documents and the log must be produced no later than **May 14, 2007**.

**IT IS FURTHER ORDERED** that the Case Management Order is modified as follows:

A. **Claims Construction Issues**

1. **The '148 patent:**

a. MEMC shall disclose specific contentions regarding why it asserts ASi infringes the '148 patent no later than **May 14, 2007**. The disclosure shall specify which claims are asserted to be infringed, and why MEMC believes ASi infringes.

b. MEMC shall disclose any claims construction expert witness with regard to the '148 patent and shall disclose the report required by Rule 26(a)(2) no later than **May 14, 2007**. Any expert witness so disclosed shall be made available for depositions, and have depositions completed, no later than **June 22, 2007**.

c. ASi shall disclose any rebuttal claims construction expert witness with regard to the '148 patent and shall disclose the report required by Rule 26(a)(2) no later than **June 1, 2007**. Any expert witness so disclosed shall be made available for depositions, and have depositions completed, no later than **June 29, 2007**.

2. **The '993 and '303 patents:**

a. MEMC shall disclose specific contentions regarding why it asserts ASi infringes the '993 and '303 patents no later than **June 11, 2007**. The disclosure shall specify which claims are asserted to be infringed, and why MEMC

-3-

believes ASi infringes.

b.  MEMC shall disclose any claims construction expert witness with regard to the '993 and '303 patents and shall disclose the report required by Rule 26(a)(2) no later than **June 11, 2007**.  Any expert witness so disclosed shall be made available for depositions, and have depositions completed, no later than **June 22, 2007**.

c.  ASi shall disclose any rebuttal claims construction expert witness with regard to the '993 and '303 patents and shall disclose the report required by Rule 26(a)(2) no later than **June 18, 2007**.  Any expert witness so disclosed shall be made available for depositions, and have depositions completed, no later than **June 29, 2007**.

**3. Claims disputes:**

a.  The parties shall file a joint statement of claims disputes no later than **July 2, 2007**.  For each term in dispute the joint statement must provide (on the same page so the court can compare positions) the term in dispute and each party's proposed construction.

b.  Not later than **July 16, 2007**, each party shall submit its brief for a hearing pursuant to Markman v. Westview Instruments, Inc., 116 S. Ct. 1384 (1996).  The Markman briefs shall contain a statement of all proposed claims

constructions urged by that party, together with a brief in support of said party's conclusions on the issues to be determined by the hearing. The parties may file briefs in opposition no later than **July 23, 2007**, and no reply briefs will be allowed.

    c.    The Court will hold a <u>Markman</u> hearing on **Monday, July 30 and Tuesday, July 31, beginning at 9:00 a.m. each day, in Courtroom 14-South**. Each party shall be limited to a total of **five and one-half hours** for examination and cross-examination of witnesses, opening statements, and closing arguments. On or before **July 23, 2007**, each party shall make a pre-hearing submission: (i) identifying any witnesses that it will or may call at the hearing; and (ii) listing all exhibits that it will or may offer into evidence at the hearing. The parties shall not file the exhibits, but must provide copies to opposing counsel. If any party wishes the court to consider deposition testimony as part of the claims construction process, that party must read the testimony to the court as part of its five and one-half hour time allotment.

    **B.**    **Patent Damages**

MEMC will disclose whether it intends to seek lost profits damages no later than **July 30, 2007**. If it intends to seek such damages it must, no later than **July 30, 2007** provide documentation sufficient to show that, at the relevant time, it had

the ability to produce the products for which it seeks lost profits.

   C.   **Other Deadlines**

All other deadlines in the original Case Management Order remain in effect. Those deadlines will apply whether or not the Court has issued claims construction rulings.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of April, 2007.